**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUL 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10202 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00090-HG-1 |
| v. | |
| CHASE WILLIAMS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted July 7, 2020[**]
Honolulu, Hawaii

Before: OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

Chase Williams appeals from the district court's judgment following his conditional guilty plea to conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. Williams contends that the district court erred in denying his motion to suppress

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence seized from a parcel mailed via the U.S. Postal Service. We review de novo the denial of a motion to suppress, and for clear error any underlying factual findings. *United States v. Johnson*, 875 F.3d 1265, 1273 (9th Cir. 2017). As the parties are familiar with the facts, we do not recount them here. We affirm.

We assume that Williams had standing to challenge the search and seizure of the parcel, and conclude that the district court properly denied on the merits Williams' motion to suppress. *See United States v. Huggins*, 299 F.3d 1039, 1050 n.15 (9th Cir. 2002).

"Postal inspectors may detain a package to conduct an investigation if they have a reasonable and articulable suspicion that it contains contraband or evidence of illegal activity." *United States v. Hernandez*, 313 F.3d 1206, 1210 (9th Cir. 2002) (citation and internal quotation marks omitted). "To determine whether reasonable suspicion exists, reviewing courts must look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing." *Id.* (citation and internal quotation marks omitted). "Reasonable suspicion may exist even if each factor, standing alone, is susceptible to an innocent explanation." *Id.*

Here, looking at the totality of the circumstances, the postal inspector had reasonable suspicion to detain the parcel until a drug sniffing dog was available based on a number of factors, including: (1) a database search failed to reveal that

2

the named sender was associated with the return address or that the named recipient was associated with the delivery address; (2) the parcel was shipped by Priority Mail Express; (3) the mailing label was handwritten; (4) the parcel's origin and destination locations were areas from which and to which narcotics have been shipped in recent years; (5) the parcel was heavily taped; (6) the parcel's postage was paid in cash; (7) the telephone number listed for the sender was not a working phone number; and (8) handling the parcel indicated there was a densely packaged item inside the outer box. *See id.* at 1211 (holding, based on similar factors, that "looking at the totality of the circumstances, . . . [the postal inspector] had a reasonable suspicion sufficient to justify his detention of the package so that a drug dog could smell it").

Because the search and seizure of the parcel did not violate the Fourth Amendment, Williams' argument that it tainted the subsequent search of his residence also fails.

**AFFIRMED**.